IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2003-1, | § § § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-204-BN |
| CHARLES DAVID BOLTON AND KAREN R. BOLTON, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff U.S. Bank National Association has filed a motion for summary judgment. *See* Dkt. No. 54. Defendants David and Karen Bolton have not filed a response, and their time to do so has passed. *See* Dkt. No. 57.

For the reasons explained below, the Court grants U.S. Bank's motion.

### Background

On December 31, 2002, Defendants executed a $98,200.00 home equity loan (the "Note"). *See* Dkt. No. 56, Ex. A-1. The Note was secured by a Deed of Trust (collectively, the "Loan Agreement") which encumbered Defendants' home located at 960 Meadowcove Circle, Garland, Texas 75043 (the "Property"). *See id.*, Ex. A-2,

Some years later, Defendants fell behind on their scheduled monthly payments. Defendants failed to make the January 1, 2010 payment and every

payment since. *See id.* at 1-4. So, on September 19, 2018, the mortgage servicer sent Defendants notices of default and an intent to accelerate. *See id.* at 4.

After Defendants failed to cure the default, The Bank of New York Melon, the previous holder of the Note, filed this suit on January 25, 2019. *See* Dkt. No. 1. And, on January 12, 2021, the Loan Agreement was assigned to Plaintiff "U.S. Bank National Association, not in its individual capacity but solely as Owner Trustee of New Residential Mortgage Loan Trust 2020-NPL2." Dkt. No. 55 at 8 (citing Dkt. No. 56 at 24).

On March 5, 2021, U.S. Bank filed a suggestion of bankruptcy, notifying the Court that Defendants had filed for Chapter 7 Bankruptcy. *See* Dkt. No. 46. After the bankruptcy was discharged, the Court administratively reopened the case, *see* Dkt. No. 51, reset the dispositive motion deadline, and set a new trial date, *see* Dkt. No. 53.

U.S. Bank then filed the summary judgment motion now before the Court. *See* Dkt. No. 54.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted).

"Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the

summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law

will properly preclude the entry of summary judgment." *Pioneer Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted).

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL

2403656, at \*10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. Nations Credit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

Defendants have not responded to U.S. Bank's motion. Defendants' failure to respond does not permit the Court to enter a "default" summary judgment. *See Johnson v. Herzog Transit Servs., Inc.*, No. 3:11-cv-803-D, 2013 WL 164222, at \*1 (N.D. Tex. Jan.15, 2013); *see also Settlement Capital Corp., Inc. v. Pagan*, 649 F. Supp. 2d 545, 553 (N.D. Tex. 2009) ("Summary judgment may not be awarded by default merely because the nonmoving party has failed to respond. A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." (footnotes omitted)). But the Court is permitted to accept U.S. Bank's evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990). And Defendants' failure to respond means that it has not designated specific facts showing that there is a genuine issue for trial on any of their claims. "A summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

## Analysis

### I.     Breach of Contract

U.S. Bank is entitled to judgment on its breach of contract claim because the undisputed evidence shows beyond peradventure that the essential elements of the claim are met.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018).

Here, U.S. Bank's summary judgment evidence shows that Defendants executed the Loan Agreement, which is a valid and enforceable contract. *See* Dkt. No. 56 at 5-19. And U.S. Bank has performed its obligations under the contract by providing all notices of default and acceleration. *See id.* at 26-33. Defendants breached the Loan Agreement by failing to make their required monthly payments, *see id.* at 3, 34-35, and their failure to make those payments caused U.S. Bank injury, *see* Dkt. No. 55 at 10.

Defendants failed to respond so there is no evidence that shows any issues of material fact. Summary judgment is therefore appropriate.

### II.    Judicial Foreclosure

U.S. Bank is also entitled to judgment on its judicial foreclosure claim. Texas courts require a party pursuing judicial foreclosure to demonstrate that: (1) a debt

exists; (2) the debt is secured by a lien; (3) the borrower is in default under the note and security instrument; and (4) the borrower received notice of default and acceleration. *See Singleton v. U. S. Bank Nat'l Ass'n*, No. 4:15-cv-100-A, 2016 WL 1611378, at *7 (N.D. Tex. April 20, 2016).

The summary judgment evidence shows beyond peradventure that U.S. Bank has met every essential element. The Note is evidence that a debt exists, *see* Dkt. No. 56 at 5-7, and the Deed of Trust shows that the Note is secured by a lien on the Property, s*ee id.* at 8-19. U.S. Bank has also shown that Defendants have not made a required payment since January 1, 2010 and, therefore, are in default. *See id.* at 4, 34-35. And Defendants received notice of default and intent to accelerate by mail on September 19, 2018, *see id.* at 26-33, and notice of acceleration when this lawsuit seeking judicial foreclosure was filed, *cf. Alcala v. Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2006-5*, 684 F. App'x 436, 438 (5th Cir. 2017) ("After the requisite notice of intent is provided, notice of acceleration may take the form of the filing of an expedited application for foreclosure.").

Because the undisputed evidence shows that every element is met, U.S. Bank is entitled to summary judgment on its judicial foreclosure claim.

## III. Attorneys' Fees

U.S. Bank is entitled to attorneys' fees under the Loan Agreement. U.S. Bank requests that the award of attorneys' fees be made not as a money judgment against Defendants but as a further obligation owed by them under the Loan Agreement.

Under general Texas contract law, a party may recover attorneys' fees when such recovery is provided by statute or by contract. *See In re Velazquez*, 660 F.3d 893, 895-96 (5th Cir. 2011). But home equity loans executed under Article 16, § 50(a)(6) of the Texas Constitution are non-recourse by definition and preclude contractual mortgagor liability. *See In re Mullin*, 433 B.R. 1, 17 (Bankr. S.D. Tex. 2010). Although the mortgagor is not personally liable for attorneys' fees, the mortgagee may recover its attorneys' fees, if permitted under the relevant contract, against the mortgaged property after a foreclosure sale. *See id.*

Here, the Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Noted Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law including Section 50(a)(6), Article XVI of the Texas Constitution. Those expenses include, for example, reasonable attorneys' fees.

Dkt. No. 56 at 6 ¶ 6(e). And the Deed of Trust provides:

> If default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.

*Id.* at 17 ¶ 21. Under these provisions and Texas law, U.S. Bank may recover its attorneys' fees as part of the balance owed under the Note. *See In re Mullin*, 433 B.R. at 18.

U.S. Bank has provided an affidavit setting forth its reasonable attorneys' fees that it incurred in defending its rights as a lienholder. *See* Dkt. No. 56 at 38-41. These fees may be recovered against the Property upon any foreclosure sale.

## Conclusion

U.S. Bank has shown that the elements for its breach of contract and judicial foreclosure claims are met, and that it is entitled to an award of attorneys' fees under the Loan Agreement. And Defendants failed to respond to the motion and thus failed meet their burden to show that a material fact issue exists. For these reasons, the Court GRANTS U.S. Bank's Motion for Summary Judgment [Dkt. No. 54] and CANCELS the outstanding deadlines, pretrial conference, and trial set by the July 13, 2021 Order Setting Dispositive Motion Deadline and Case for Trial [Dkt. No. 53].

SO ORDERED.

DATED: August 13, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE